[No. 4056.]

### FRATERNAL AID ASSOCIATION V. COLLIER.

1. EVIDENCE—*Measure of Proof.* The plaintiff must produce a fair preponderance of evidence upon every question of fact involved in the issues. (247.)

2. NEW TRIAL—*Several Verdicts.* There was a seeming conflict in the evidence, and there appeared to have been three trials at *nisi prius.* The court declined to disturb the judgment. (247.)

*Error Denver District Court.* HON. JAMES H. TELLER, Judge.

Mr. F. S. TESCH, for plaintiff in error.

No appearance for defendant in error.

KING, J., delivered the opinion of the court.

The Fraternal Aid Association sued Clara E. Collier to recover the sum of $1,000 which it had paid to her as the beneficiary named in a benefit certificate issued to her mother, Bertha Wolff.  Plaintiff's right to recover is based on a complaint which alleges that in the application for membership, said Wolff falsely represented that she was born November 25, 1850, whereas, in fact, she was born December 26, 1834, and that the same false statement as to the age of the insured was made by the defendant in her proof of death upon which she obtained payment of the policy or certificate.

To sustain the cause of action, plaintiff introduced duly authenticated certificates from records showing that Marie Louise Bertha Lebuser was born at Frankfort-on-the-Oder, November 25, 1833, and was married to Johann Heinrich Wolff, the tailor, October 13, 1861, at Berlin; and the certificate by the president of the Royal Prussian Police that Bertha Lebuser, born December 26, 1861, married October 13, 1861, to Henry August Wolff, the tailor, was reported as having gone to America with her husband and two children of said marriage in the year 1869.  Depositions were introduced tending to show that the Bertha Lebuser named in the said records was the identical Bertha Wolff, the insured. Defendant testified that Bertha Wolff, the insured, was her mother; that her father's name was Stratton; that she was born in 1867 at Vicksburg, Mississippi; that her stepfather's name was Henry Wolff, and her mother's maiden name was Bertha Lois Lebuse.

Sufficient has been stated to indicate that defendant's testimony tended to raise a question, perhaps a doubt, as to whether the person whose birth and marriage is certified to as aforesaid is the same person named in the benefit cer-

tificate. It was incumbent on the plaintiff to satisfy the jury on that question by a fair preponderance of the evidence. In consideration of what may be regarded as a conflict in the evidence, and in view of certain matters in the record from which we infer that the cause has been three times tried at *nisi prius*, we feel constrained to let the judgment stand.

For the reasons given, the judgment is affirmed.

*Affirmed.*